NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS I. FLORES, Petitioner-Appellant, v. W. A. GITTERE; ATTORNEY GENERAL FOR THE STATE OF NEVADA, Respondents-Appellees. | No.   23-16047 D.C. No. 2:14-cv-01629-GMN-VCF MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted July 8, 2024
San Francisco, California

Before:  FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Jesus Flores appeals the district court's denial of his habeas petition asserting

an ineffective assistance of counsel ("IAC") claim. Mr. Flores and his two co-

defendants, Adalberto Javier Martinez and John David Rodriguez, were arrested

after breaking into Gregory Bestor's home. The men demanded money from Mr.

Bestor, attempted to withdraw money using Mr. Bestor's ATM cards, and took

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

several items from his home. Mr. Flores was charged under Nevada state law for (1) burglary while in possession of a firearm, (2) robbery with use of a deadly weapon, victim 60 years of age or older, (3) first degree kidnapping with use of a deadly weapon, victim 60 years of age or older, (4) battery with use of a deadly weapon, victim 60 years of age or older, and (5) conspiracy to commit robbery.

On the second day of trial, Mr. Flores conceded burglary, robbery, conspiracy to rob, and the age of victim enhancement. His counsel then referred to several facts in her opening statement, including that: (1) Mr. Martinez had a gun when the three men entered Mr. Bestor's home, (2) Mr. Flores took Mr. Bestor's ATM cards and left the house while Mr. Martinez and Mr. Rodriguez stayed behind and threatened Mr. Bestor, (3) Mr. Martinez had a knife pointed at Mr. Bestor when they were driving to the ATM, (4) Mr. Martinez stabbed Mr. Bestor while they were at the ATM, and (5) Mr. Flores tied up Mr. Bestor before leaving his home. After the trial, Mr. Flores was convicted of all charges. The trial court sentenced him to eighteen years to life imprisonment, and his conviction was affirmed on direct appeal.

Mr. Flores filed a state habeas petition asserting, among other things, an IAC claim. He argued that his counsel's advice to concede certain charges, combined with the facts outlined in counsel's opening statement, resulted in a concession of all the facts necessary to find him guilty of the remaining charges against him. His petition was ultimately denied by the Nevada Supreme Court. Mr. Flores then filed

a federal habeas petition, which the district court denied after finding that the Nevada Supreme Court reasonably concluded Mr. Flores was not prejudiced by his counsel's conduct.

We review the district court's decision to grant or deny a habeas petition de novo. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we may grant habeas relief "pursuant to the judgment of a [s]tate court" if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

The Nevada Supreme Court reasonably denied Mr. Flores's IAC claim. Under *Strickland v. Washington*, a defendant seeking to establish IAC must show (1) deficient performance and (2) prejudice. 466 U.S. 668, 687 (1984). Assuming without deciding that counsel's conduct here was deficient, Mr. Flores failed to show prejudice.[1]

Under *Strickland*, a defendant establishes prejudice based on counsel's

---

[1]     Mr. Flores also argues that the Nevada Supreme Court erred by failing to apply the per se prejudice rule under *United States v. Cronic*, 466 U.S. 648 (1984). But the court's determination that his counsel did not "entirely fail[ ] to subject the prosecution's case to meaningful adversarial testing," *id.* at 659, was not "contrary to" or an "unreasonable application of" United States Supreme Court precedent, 28 U.S.C. § 2254(d)(1).

deficient performance if there is a "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. This requires a "'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)). Here, Mr. Flores argues that absent his counsel's concessions, he could have successfully defended against (1) possession of a firearm during the burglary, (2) battery with use of a deadly weapon, and (3) kidnapping with use of a deadly weapon.

But there was evidence presented at trial that supports finding that Mr. Flores is guilty of each of the charges. For instance, to defend against the possession of a firearm enhancement, Mr. Flores asserts he could have argued a gun was not present during the burglary. But Mr. Bestor testified at trial that Mr. Martinez had a gun and pointed it at him. Mr. Bestor also testified that at some point, Mr. Martinez handed the gun to Mr. Flores. And consistent with his trial testimony, Mr. Bestor stated in his 911 call that one of the men who entered his home had a gun. As to the battery and kidnapping charges, Mr. Flores argues that he could have defended against them by showing that Mr. Bestor was never stabbed. But the victim consistently testified that Mr. Martinez stabbed him with a knife, a photo of the victim's stab wound was admitted at trial, and Mr. Martinez's DNA could not be excluded from the handle of the knife allegedly used in the stabbing. Thus, although there is some evidence that

4

could support Mr. Flores's defense, on balance, the Nevada Supreme Court's conclusion that Mr. Flores failed to establish prejudice was not unreasonable. *See Shinn v. Kayer*, 592 U.S. 111, 118 (2020) (per curiam).

**AFFIRMED.**